IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN, individually and
on behalf of TRUEVINE BAPTIST
CHURCH (Emerge Ministries ABQ),

    Plaintiffs,

v.      No. 1:25-cv-00649-SCY[1]

SECOND JUDICIAL DISTRICT COURT, *et al.*,

    Defendants.

## ORDER TO SHOW CAUSE
## AND NOTICE REGARDING CASE MANAGEMENT

    Plaintiff, proceeding *pro se*, asserts civil rights claims pursuant to 42 U.S.C. § 1983 arising from "the unauthorized and ultra vires litigation brought by [Defendant] Central Baptist Association of New Mexico (CBA), aided by [Defendant] 21st Mortgage Corporation" "to reclaim property that was lawfully deeded to TrueVine Baptist Church." Complaint for Declaratory and Injunctive Relief and Petition for Writ of Mandamus at 2, Doc. 1, filed July 9, 2025 ("Complaint"). Plaintiff also asserts claims against the Second Judicial District Court and state court judicial officers. *See* Complaint at 1. Plaintiff seeks, among other things, dismissal of the claims and actions in state court and injunctive relief "preventing Defendants from enforcing the reversion clause, encumbering the title, or initiating future actions concerning the subject

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed July 9, 2025. Plaintiff has paid the filing fee. *See* Doc. 3, filed July 9, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 F. App'x 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

property without verified authority." Complaint at 16. Plaintiff subsequently filed an Amended Complaint. *See* Civil Rights Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and Related Statutes, Doc. 6, filed July 11, 2025. The Amended Complaint seeks, among other things, injunctive relief "prohibiting the named judge and attorneys from further involvement in the property litigation or any future suits involving TrueVine Baptist Church." Amended Complaint at 32.

## Order to Show Cause

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988). The Court has identified several deficiencies in the Complaint regarding jurisdiction and orders Plaintiff to show cause, as discussed below. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023-WL-4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

First, it appears the Court may lack jurisdiction over this case under the *Younger* abstention doctrine due to the state court proceedings. The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings . . . when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir.

1999); *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) ("*Younger* abstention is jurisdictional") (citing *Steel Co. v. Citizens for a Better Env.*, 523 U.S. 83, 100 n.3 (1998)). In determining whether *Younger* abstention is appropriate, the Court considers whether:

> (1) there is an ongoing state ... civil ... proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

*Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (citations omitted). *Younger*, however, only applies in three "exceptional" categories of state proceedings: "when the state proceedings are (1) criminal prosecutions; (2) certain civil enforcement proceedings; or (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *3 (10th Cir. May 19, 2025) (citation modified). "If and only if the state court proceeding falls within one of these enumerated exceptional types of cases . . . *may* courts analyze the propriety of abstention under *Younger*." *Id.* (citation modified). ‼

The Amended Complaint states the *Younger* abstention doctrine "does not bar federal intervention because" the civil action in state court was filed in bad faith to harass Plaintiffs, Plaintiffs may suffer irreparable harm from a state-court judgment, and there is a lack of an adequate state forum because "[t]he state court has refused to rule on dispositive motions, suppressed filings, and failed to provide Plaintiffs an opportunity to assert their constitutional defenses or claims." Amended Complaint at 10 (citing United States Supreme Court cases for the proposition that "when state proceedings are initiated in bad faith or fail to provide an adequate forum for constitutional claims, federal courts may act to protect civil rights").

3

Plaintiff's brief statement that the state court is not an adequate forum to hear the claims raised in the Amended Complaint is not sufficient to show that this case is not barred by *Younger*. State court records show that there have been 16 dates set for motion hearings in the state court proceeding, five which were set for May 5, 2025, and two for September 3, 2025. *See Central Baptist Association of New Mexico v. Dee Junior Brown*, No. D-202-CV-202308230, (https://caselookup.nmcourts.gov/caselookup/app, last visited July 16, 2025). The state court records also show that a bench trial is set for October 14, 2025.

The Court thus orders Plaintiff to show cause why it should not dismiss this case pursuant to *Younger*. Plaintiff's response to this order must indicate which motions the state court has "refused" to rule on and must explain the basis for characterizing the state court's conduct as a refusal to rule as opposed to a delay in ruling on those motions. The response must also describe how the state court "failed to provide Plaintiffs an opportunity to assert their constitutional defenses or claims." The Court is bound by and cannot disregard Tenth Circuit precedent. *See United States v. Spedalieri*, 910 F.3d 707, 709 n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit"). The response must cite legal authority showing that *Younger* does not apply when "state proceedings are initiated in bad faith."

Second, it appears that the Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court, which is an arm of the State of New Mexico, and its officers. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). There are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section

4

> 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (quoting *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state.") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013); *Catanach v. Thomson*, 718 F. App'x. 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable.*'") (emphasis added) (quoting 42 U.S.C. § 1983).

Here, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the Second Judicial District Court and its officers. Furthermore, Plaintiff seeks injunctive relief, but "[t]he Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. *Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016) (citing 28 U.S.C. § 2283). Three exceptions to this rule exist:

> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

5

*Id.* The Court therefore orders Plaintiff to show cause why the Court should not dismiss the claims against the Second Judicial District Court and its officers for lack of jurisdiction.

Lastly, although not jurisdictional, the Court also notifies Plaintiff, who is not an attorney authorized to practice before this Court, that she cannot bring claims on behalf of TrueVine Baptist Church. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). Plaintiff therefore shall show cause why the claims brought by TrueVine Baptist Church should not be dismissed.

If Plaintiff agrees with the Court's analysis regarding the deficiencies in her complaint, rather than show cause, she may amend her complaint, showing that the Court has jurisdiction and removing TrueVine Baptist Church as a party. The amended complaint must, for each Defendant, "provide fair notice of what the . . . claim is and the grounds upon which it rests." *Howl v. Alvarado*, 783 F. App'x 815, 817-18 (10th Cir. 2019) (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018)). "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated."). *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Notice Regarding Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website (http://www.nmd.uscourts.gov).

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 F. App'x 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). Plaintiff also has an obligation to serve Defendants. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order show cause (i) why the Court should not dismiss this case for lack of jurisdiction under the *Younger* abstention doctrine; (ii) why the Court should not dismiss Plaintiff's claims against the Second Judicial District Court and its officers for lack of jurisdiction due to sovereign immunity; and (iii) why the claims brought by TrueVine Baptist Church should not be dismissed as Plaintiff, a non-attorney, cannot bring claims on its behalf. Alternatively, Plaintiff may file an amended complaint. Failure to timely show cause or file an amended complaint may result in dismissal of this case.

_____
Steven C. Yarbrough
United States Magistrate Judge