IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN, individually and
on behalf of TRUEVINE BAPTIST
CHURCH (Emerge Ministries ABQ),

      Plaintiffs,

v.                                                                        No. 1:25-cv-00649-KG-SCY

SECOND JUDICIAL DISTRICT COURT, *et al.*,

      Defendants.

## ORDER DISMISSING CLAIMS

Plaintiff, proceeding *pro se*, asserts civil rights claims pursuant to 42 U.S.C. § 1983 for deprivation of "procedural due process, equal protection, and religious liberty through unauthorized litigation, misuse of judicial process, and discriminatory enforcement of a deed restriction." Amended Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and Related Statutes at 2, Doc. 6, filed July 11, 2025 ("Amended Complaint"). Plaintiff asserts claims on behalf of herself and on behalf of TrueVine Baptist Church (Emerge Ministries ABQ). *See* Amended Complaint at 1, 7. Plaintiff asserts claims against: (i) the Second Judicial District Court and Second Judicial District Court Judge Erin O'Connell; (ii) Central Baptist Association of New Mexico and its attorney; (iii) 21st Mortgage Corporation and its attorney; and (iv) John/Jane Does 1-10. *See* Amended Complaint at 1, 7-8. Plaintiff seeks, among other things, injunctive relief "prohibiting the named judge and attorneys from further involvement in the property litigation or any future suits involving TrueVine Baptist Church." Amended Complaint at 32.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

> it appears that the Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court, which is an arm of the State of New Mexico,

and its officers. "Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment." *Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). There are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Id.* (quoting *Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012)); *see also Turner v. National Council of State Boards of Nursing, Inc.*, 561 F. App'x 661, 665 (10th Cir. 2014) ("[Eleventh Amendment] immunity extends to arms of the state.") (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013); *Catanach v. Thomson*, 718 F. App'x. 595, 597, 599-600 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . *unless a declaratory decree was violated or declaratory relief was unavailable*.'") (emphasis added) (quoting 42 U.S.C. § 1983).

Here, there are no factual allegations showing that any of the three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states apply to Plaintiff's claims against the Second Judicial District Court and its officers. Furthermore, Plaintiff seeks injunctive relief, but "[t]he Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. *Tooele County v. United States*, 820 F.3d 1183, 1187-88 (10th Cir. 2016) (citing 28 U.S.C. § 2283). Three exceptions to this rule exist:

> 1. Congress "expressly authorized" an injunction.
>
> 2. The injunction is "necessary in aid of [the federal district court's] jurisdiction."
>
> 3. The injunction is necessary to "protect or effectuate" a previous judgment in federal district court.
>
> The Anti–Injunction Act's exceptions are narrow and are not to be loosely construed. *Smith v. Bayer Corp.,* 564 U.S. 299, 131 S.Ct. 2368, 2375, 180 L.Ed.2d 341 (2011). As a result, courts should resolve doubts about the applicability of an exception in favor of

> allowing the state-court proceeding to continue. *Id.,* 131 S.Ct. at 2382.

*Id.* Order to Show Cause at 4-5, Doc. 8, filed July 17, 2025.  Judge Yarbrough ordered Plaintiff to either show cause why the Court should not dismiss Plaintiff's claims against the Second Judicial District Court and its officers for lack of jurisdiction or file an amended complaint.  *See* Order to Show Cause at 8 (notifying Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of Plaintiff's claims).  Plaintiff did not show cause or file an amended complaint by the August 7, 2025, deadline.  The Court, therefore, dismisses Plaintiff's claims against the Second Judicial District Court and Judge O'Connell without prejudice for lack of jurisdiction.

Judge Yarbrough also notified Plaintiff, who is not an attorney authorized to practice before this Court, that:

> she cannot bring claims on behalf of TrueVine Baptist Church. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court").

Order to Show Cause at 6.  Judge Yarbrough ordered Plaintiff to either show cause why the claims brought by TrueVine Baptist Church should not be dismissed as Plaintiff, a non-attorney, cannot bring claims on its behalf or file an amended complaint.  *See* Order to Show Cause at 8 (notifying Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of Plaintiff's claims).  Plaintiff did not show cause or file an amended complaint by the August 7, 2025, deadline.  The Court, therefore, dismisses TrueVine Baptist Church's claims without prejudice.

**IT IS SO ORDERED.**

/s/
_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.