# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN, individually and
on behalf of TRUEVINE BAPTIST
CHURCH (Emerge Ministries ABQ),

        Plaintiffs,

v.                                                                                    No. 1:25-cv-00649-KG-SCY

SECOND JUDICIAL DISTRICT COURT, *et al.*,

        Defendants.

## ORDER REGARDING COMMUNICATION WITH THE COURT

On August 30, 2025, the Court received an email from Plaintiff with an Urgent Request for Stay or Injunctive Relief attached. *See* Attachments 1 (email) and 2 (Urgent Request). Although the Second Judicial District Court and Second Judicial District Judge Erin O'Connell are no longer parties to this case, Plaintiff seeks, among other things, "a stay or injunction halting the September 3, 2025 hearing" in state court. *See* Order Dismissing Claims, Doc. 23, filed August 28, 2025 (dismissing the claims against the Second Judicial District Court and Judge O'Connell without prejudice); Urgent Request at 3. Neither Plaintiff's email nor the Urgent Request indicate Plaintiff sent the email to the Second Judicial District Court or Judge O'Connell. Consequently, it appears Plaintiff's email is an *ex parte* communication with the Court. *See Ex Parte*, Black's Law Dictionary (12 ed. 2024) ("Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, *anyone* having an adverse interest") (emphasis added).

The Court advises Plaintiff that, unless otherwise specifically directed,

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.

> Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney. The letter to the judge should indicate that a copy has been sent to the opposing party. Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12. As such, "a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested." Code of Conduct for United States Judges, Canon 3(A)(4).

Additionally, parties may not file documents by sending them to the undersigned or his chambers; documents to be filed must be either mailed or delivered in person to the Clerk of Court. "Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned." Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses). Any documents emailed to the undersigned or his chambers for filing in this case will not be filed.

The Court notifies Plaintiff that if she ignores Court Orders, improperly sends documents to the undersigned or his chambers, or improperly communicates with the Court *ex parte*, the Court may impose sanctions to deter such improper behavior.

**IT IS SO ORDERED.**

/s/
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.

**From:** Bernadine Brown <bernadine.brown100@gmail.com>

**Sent:** Saturday, August 30, 2025 9:35:54 AM

**To:** NMDml_Judge Gonzales' Chambers nmd.uscourts.gov <GonzalesChambers@nmd.uscourts.gov>

**Cc:** oonzalesproposedtext@nmd.uscourts.gov <Gonzalesproposedtext@nmd.uscourts.gov>; NMDdb_CMECF Helpdesk <cmecf@nmd.uscourts.gov>; Charles Hughson <chughson@rodey.com>; shoffman@modrall.com <shoffman@modrall.com>; Civil Division <albd-cvprosefilings@nmcourts.gov>

**Subject:** URGENT: Request for Stay/Injunctive Relief Before Sept. 3 Hearing — Brown et al. v. CBA, No. 1:25-cv-00649-KG-SCY

**Subject:** URGENT: Request for Stay/Injunctive Relief Before Sept. 3 Hearing — *Brown et al. v. CBA*, No. 1:25-cv-00649-KG-SCY

**To:** gonzaleschambers@nmd.uscourts.gov

**Cc:** gonzalesproposedtext@nmd.uscourts.gov; gonzalesproposedtext@nmd.uscourts.gov  cmecf@nmd.uscourts.gov; chughson@rodey.com; shoffman@modrall.com; albd-cvprosefilings@nmcourts.gov

**Body:**

Dear Chambers of Chief Judge Gonzales,

On behalf of Plaintiffs, I respectfully request **urgent federal relief (stay or injunction) before Wednesday, September 3, 2025**, to halt a state-court hearing and related sanctions/deposition proceedings in *Central Baptist Ass'n of NM v. Brown* (D-202-CV-2023-08230).

**Grounds (brief):**

- **Standing not proven for nearly 2 years;** no written ruling compelling or finding standing (Article III; *Lujan, Steel Co.*).
- **Improper notice:** hearing noticed **Aug. 27** for **Sept. 3** (violates **FRCP 6(c)(1)** 14-day minimum and **NMRA 1-006(C)** 7-day minimum; *Mathews v. Eldridge* due process).
- **Sanctions/deposition misuse** aimed at disposing of Plaintiffs while jurisdiction remains unresolved.
- **Risk of no appellate recourse** if the state matter is closed without written rulings.
- Plaintiffs are **senior, pro se**; multiple attorneys declined due to case "stacking"; request to unstack and for appointed counsel was denied.

**Requested action:** An order **staying the Sept. 3 hearing, sanctions, and deposition orders**, or a **temporary injunction** preserving the status quo **until standing is adjudicated** and this Court can review the merits. If possible, guidance or action by **Tuesday, Sept. 2, 2025,** would prevent irreparable harm.

Attached please find the complete **letter to chambers** and the following filings (previously/now submitted for docketing):

I appreciate Chambers' consideration and am available immediately by phone/email if any clarification is needed.

Respectfully,
Dr. Bernadine Brown
Plaintiff, Pro Se
1534 Bridge Blvd SW, Albuquerque, NM 87105
(505) 948-4832 | Bernadine.brown100@gmail.com

gonzalesproposedtext@nmd.uscourts.gov

**Dr. Bernadine Brown**
1534 Bridge Blvd SW
Albuquerque, NM 87105
(505) 948-4832
Bernadine.brown100@gmail.com

**Date:** August 30, 2025

**Via Email and U.S. Mail**
Clerk of Court for the Honorable Chief Judge Kenneth J. Gonzales
United States District Court for the District of New Mexico
[Clerk's Office Address]
[Clerk's Email: gonzaleschambers@nmd.uscourts.gov / cmecf@nmd.uscourts.gov]

# Re: Urgent Request for Stay or Injunctive Relief

*Brown, et al. v. Central Baptist Association of NM, et al.*
Federal Case No. 1:25-cv-00649-KG-SCY

Dear Clerk of Court,

On behalf of myself and the Plaintiff class, I respectfully request **immediate federal intervention in the form of a stay or injunction** to halt the September 3, 2025 state-court hearing, as well as pending sanctions and deposition orders, in *Central Baptist Association of NM v. Brown* (Case No. D-202-CV-2023-08230).

## Grounds for Urgent Relief

1. **Standing Not Established**

   - Defendants have failed for nearly **two years** to establish standing.
   - The state court has not compelled proof nor issued any written ruling.
   - Without standing, jurisdiction is lacking. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

2. **Improper Notice of Hearing**

## Requested Action

I respectfully request that Chief Judge Gonzales:

1. **Immediately issue a stay or injunction** halting the September 3, 2025, hearing, sanctions motion, and deposition orders;

2. Require Defendants to demonstrate **Article III standing** before any further proceedings;

3. Affirm Plaintiffs' due process and civil rights protections under **42 U.S.C. §§ 1982, 1983, and 1985**; and

4. Provide guidance or a ruling by **Tuesday, September 2, 2025**, to prevent irreparable harm.

## Conclusion

The state court and Defendants have exceeded all deadlines to prove standing and have ignored dispositive motions for nearly two years, while attempting to sanction and dispose of Plaintiffs without jurisdiction. This is a denial of due process, civil rights, and access to meaningful judicial review.

Immediate federal action is necessary to prevent irreparable harm.

Respectfully submitted,

__Bernadine Brown__

/s/ Dr. Bernadine Brown
Plaintiff, Pro Se