IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN,

    Plaintiff,

v.                                                     No. 1:25-cv-00649-KG-SCY

CENTRAL BAPTIST ASSOCIATION OF NEW MEXICO, *et al.*,

    Defendants.

## ORDER DENYING EMERGENCY MOTION FOR STAY AND INJUNCTIVE RELIEF AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, asserted civil rights claims pursuant to 42 U.S.C. § 1983 for deprivation of "procedural due process, equal protection, and religious liberty through unauthorized litigation, misuse of judicial process, and discriminatory enforcement of a deed restriction." Amended Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and Related Statutes at 2, Doc. 6, filed July 11, 2025 ("Amended Complaint"). Plaintiff asserted claims on behalf of herself and on behalf of TrueVine Baptist Church (Emerge Ministries ABQ). *See* Amended Complaint at 1, 7. Plaintiff asserted claims against: (i) the Second Judicial District Court and Second Judicial District Court Judge Erin O'Connell; (ii) Central Baptist Association of New Mexico and its attorney; (iii) 21st Mortgage Corporation and its attorney; and (iv) John/Jane Does 1-10. *See* Amended Complaint at 1, 7-8. Plaintiff seeks, among other things, injunctive relief "prohibiting the named judge and attorneys from further involvement in the property litigation or any future suits involving TrueVine Baptist Church." Amended Complaint at 32.

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff it appears that the Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court,

which is an arm of the State of New Mexico, and its officers because, generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. *See* Order to Show Cause at 4-5, Doc. 8, filed July 17, 2025. Judge Yarbrough also notified Plaintiff that the Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings. *See* Order to Show Cause at 5. Finally, Judge Yarbrough notified Plaintiff, who is not an attorney authorized to practice before this Court, that she cannot bring claims on behalf of TrueVine Baptist Church. *See* Order to Show Cause at 6.

Judge Yarbrough ordered Plaintiff to: (i) either show cause why the Court should not dismiss Plaintiff's claims against the Second Judicial District Court and its officers for lack of jurisdiction or file an amended complaint; and (ii) either show cause why the claims brought by TrueVine Baptist Church should not be dismissed as Plaintiff, a non-attorney, cannot bring claims on its behalf or file an amended complaint. *See* Order to Show Cause at 8 (notifying Plaintiff that failure to timely show cause or file an amended complaint may result in dismissal of Plaintiff's claims). Plaintiff did not show cause or file an amended complaint by the August 7, 2025, deadline. The Court dismissed Plaintiff's claims against the Second Judicial District Court and Judge O'Connell and TrueVine Baptist Church's claims without prejudice. *See* Order Dismissing Claims, Doc. 23, filed August 28, 2025.

**Order Denying Emergency Motion for Stay and Injunctive Relief**

Plaintiff now requests, among other things, that the Court "**Stay all state-court proceedings** in Case No. D-202-CV-2023-08230 pending adjudication of federal claims." Emergency Motion for Stay of State Court Proceedings and Request for Injunctive Relief at 4, Doc. 31, filed September 2, 2025 ("Emergency Motion") (emphasis in original).

2

The Court denies Plaintiff's Emergency Motion to stay proceedings in the state court case. Judge Yarbrough notified Plaintiff that it appears Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court and Judge O'Connell and that the Anti-Injunction Act ordinarily precludes injunctions against state-court proceedings. The Court dismissed Plaintiff's claims against the Second Judicial District Court and Judge O'Connell because Plaintiff did not file a response to Judge Yarbrough's Order to Show Cause why the Court should not dismiss those claims.

Plaintiff also requests that the Court:

Issue a preliminary injunction prohibiting Defendants from:

> Seeking reversion of the Truevine property;
>
> Enforcing sanctions or deposition orders against Plaintiffs;
>
> Imposing religious-use restrictions or other ultra vires conditions;
>
> Interfering with historic preservation or grant applications.

and

Declare that:

> Defendants have not established standing.
>
> The 1991 deed refiled without CBA as the grantor is void;
>
> Enforcement of expired deed restrictions violates New Mexico and federal law.

Emergency Motion at 4.

The Court denies Plaintiff's request for declaratory and injunctive relief against the remaining Defendants without prejudice because the Court is ordering Plaintiff to show cause why the Court should not dismiss the claims against the remaining Defendants. If Plaintiff shows cause why the Court should not dismiss those claims and files a second amended complaint that states a

claim over which the Court has jurisdiction, Plaintiff may file another motion for declaratory and injunctive relief.

**Order to Show Cause**

The only Defendants remaining in this case are: (i) Central Baptist Association of New Mexico ("Association"); (ii) Charles Hughson, counsel for the Association; (iii) 21st Mortgage Corporation; (iv) Steven Hoffman, counsel for 21st Mortgage; and (v) John/Jane Does 1-10. *See* Amended Complaint at 7-8.

Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1983. *See* Amended Complaint at 1. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). "To state a claim under § 1985(3), [plaintiff] must show (1) a conspiracy; (2) to interfere with his rights because of racial or class-based animus; (3) an act in furtherance of the conspiracy; and (4) a resulting injury." *Avery v. Wade*, 2022 WL 17544077 *2 (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–03 (1971))). The Amended Complaint does not allege facts showing that the remaining Defendants were acting under color of state law, does not show that the remaining Defendants deprived Plaintiff of federally protected rights and does not explain how the remaining Defendants conspired to interfere with Plaintiff's rights because of racial or class-based animus.

Plaintiff also asserts claims pursuant to the National Historic Preservation Act, 54 U.S.C. §§ 300101 *et seq*. and the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Those statutes may be relevant to TrueVine Baptist Church's now-dismissed claims, but do not appear to apply to Plaintiff's claims.

The Court orders Plaintiff to show cause why the Court should not dismiss her claims for the reasons stated above. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). If Plaintiff asserts those claims should not be dismissed, Plaintiff must file a second amended complaint. If Plaintiff asserts claims pursuant to 54 U.S.C. §§ 300101 *et seq.* and 26 U.S.C. § 501(c)(3), the second amended complaint must identify the specific provisions of the National Historic Preservation Act and the Internal Revenue Code under which her claims arise and allege facts showing that her claims arise under those provisions of the National Historic Preservation Act and the Internal Revenue Code. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). The second amended complaint must clearly identify which claims Plaintiff is asserting against *each* Defendant and describe for *each* Defendant the acts or omissions from which Plaintiff's claims arise. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added). The second amended complaint must also comply with the Federal and Local Rules of Civil Procedure. *See*, *for example*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**IT IS ORDERED** that:

(i) Plaintiff's Emergency Motion for Stay of State Court Proceedings and Request for Injunctive Relief, Doc. 31, filed September 2, 2025, is **DENIED.**

(ii) Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file a second amended complaint. Failure to timely show cause and file a second amended complaint may result in dismissal of this case.

/s/
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.