IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN,

    Plaintiff,

v.                                                       No. 1:25-cv-00649-KG-SCY

CENTRAL BAPTIST ASSOCIATION OF NEW MEXICO, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

    Plaintiff, who is proceeding *pro se*, asserted civil rights claims pursuant to 42 U.S.C. § 1983 for deprivation of "procedural due process, equal protection, and religious liberty through unauthorized litigation, misuse of judicial process, and discriminatory enforcement of a deed restriction." Amended Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and Related Statutes at 2, Doc. 6, filed July 11, 2025 ("Amended Complaint"). Plaintiff asserted claims on behalf of herself and on behalf of TrueVine Baptist Church (Emerge Ministries ABQ). *See* Amended Complaint at 1, 7. Plaintiff asserted claims against: (i) the Second Judicial District Court and Second Judicial District Court Judge Erin O'Connell; (ii) Central Baptist Association of New Mexico and its attorney; (iii) 21st Mortgage Corporation and its attorney; and (iv) John/Jane Does 1-10 "acting in concert with named Defendants." Amended Complaint at 1, 7-8. Plaintiff sought, among other things, injunctive relief "prohibiting the named judge and attorneys from further involvement in the property litigation or any future suits involving TrueVine Baptist Church." Amended Complaint at 32.

    United States Magistrate Judge Steven C. Yarbrough notified Plaintiff it appears that the Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court, which is an arm of the State of New Mexico, and its officers because, generally, states and their agencies are

protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. *See* Order to Show Cause at 4-5, Doc. 8, filed July 17, 2025. Judge Yarbrough also notified Plaintiff that the Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings and that Plaintiff, who is not an attorney authorized to practice before this Court, cannot bring claims on behalf of TrueVine Baptist Church. *See* Order to Show Cause at 6. Finally, Judge Yarbrough notified Plaintiff that failure to comply with Court orders and the Federal and Local Rules of Civil Procedure may result in sanctions, including dismissal of this case. *See* Order to Show Cause at 7 (reminding Plaintiff of her obligation to serve Defendants).

Judge Yarbrough ordered Plaintiff to: (i) either show cause why the Court should not dismiss Plaintiff's claims against the Second Judicial District Court and its officers for lack of jurisdiction or file second amended complaint; and (ii) either show cause why the claims brought by TrueVine Baptist Church should not be dismissed as Plaintiff, a non-attorney, cannot bring claims on its behalf or file an amended complaint. *See* Order to Show Cause at 8 (notifying Plaintiff that failure to timely show cause or file a second amended complaint may result in dismissal of Plaintiff's claims). Plaintiff did not show cause or file a second amended complaint by the August 7, 2025, deadline. The Court dismissed Plaintiff's claims against the Second Judicial District Court and Judge O'Connell and TrueVine Baptist Church's claims without prejudice. *See* Order Dismissing Claims, Doc. 23, filed August 28, 2025.

The only Defendants remaining in this case are: (i) Central Baptist Association of New Mexico ("Association"); (ii) Charles Hughson, counsel for the Association; (iii) 21st Mortgage Corporation; (iv) Steven Hoffman, counsel for 21st Mortgage; and (v) John/Jane Does 1-10. *See* Amended Complaint at 7-8.

The Court notified Plaintiff:

> Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1983. *See* Amended Complaint at 1. "The two elements of a Section 1983 claim are (1) deprivation of a

federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). "To state a claim under § 1985(3), [plaintiff] must show (1) a conspiracy; (2) to interfere with his rights because of racial or class-based animus; (3) an act in furtherance of the conspiracy; and (4) a resulting injury." *Avery v. Wade*, 2022 WL 17544077 *2 (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 101–03 (1971))). The Amended Complaint does not allege facts showing that the remaining Defendants were acting under color of state law, does not show that the remaining Defendants deprived Plaintiff of federally protected rights and does not explain how the remaining Defendants conspired to interfere with Plaintiff's rights because of racial or class-based animus.

Plaintiff also asserts claims pursuant to the National Historic Preservation Act, 54 U.S.C. §§ 300101 *et seq*. and the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Those statutes may be relevant to TrueVine Baptist Church's now-dismissed claims, but do not appear to apply to Plaintiff's claims.

Order to Show Cause at 4, Doc. 32, filed September 4, 2025. The Court ordered Plaintiff to show cause why the Court should not dismiss her claims and to file a second amended complaint. *See* Order to Show Cause at 6 (notifying Plaintiff that failure to timely show cause and file a second amended complaint may result in dismissal of this case). Plaintiff timely filed a Response to the Order to Show Cause but did not file a second amended complaint by the October 20, 2025, deadline.

Plaintiff filed 11 motions between August 1 and September 2, 2025. *See* Doc's 14-16, 19-22, 25-27, 31 (including for summary judgment, for declaratory judgment, and to dismiss or stay state court proceedings). One of the motions asked the Court to recognize completion of service as to two Defendants and stating Plaintiff has completed service on the other Defendants. *See* Doc. 19, filed August 4, 2025. The Court denied the motion to recognize completion of service because Plaintiff has not shown that she properly served Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. *See* Order Denying Motion to Recognize Completion of Service, Doc. 33, filed September 4, 2025; Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit"); Order to Show Cause at 7 (notifying Plaintiff: (i) of her responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure; (ii) failure to comply with

3

Court Orders and the Federal and Local Rules of Civil Procedure may result in sanction including dismissal of this case; and (iii) of her obligation to serve Defendants). The Court denied the remaining motions without prejudice because the Court has dismissed the claims against the Second Judicial District Court and Second Judicial District Court Judge O'Connell and because Plaintiff has not shown proof of service on the remaining Defendants. *See* Order Denying Motions, Doc. 34, filed September 8, 2025.

The Court dismisses this case without prejudice based on Plaintiff's failure to comply with Judge Yarbrough's Order to either show cause or file a second amended complaint, Plaintiff's failure to show she properly served Defendants pursuant Federal Rule of Civil Procedure 4, and Plaintiff's failure to comply with the undersigned's Order to file a second amended complaint. Rule 41(b) of the Federal Rules of Civil Procedure states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

> Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails "to comply with [the Federal Rules of Civil Procedure] or any order of court." A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir.1994) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir.1992)).

*Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003). "The sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v.*

4

*LMC Holding Co.*, 497 F.3d 1135, 1143-44 (10th Cir. 2007) (stating "dismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits'") (quoting *Ehrenhaus*, 965 F.2d at 921).

The Court finds that there is no prejudice to the remaining Defendants resulting from dismissal of this case because the remaining Defendants have not appeared. Plaintiff's failure to properly serve the remaining Defendants, to file proof of service and to file a second amended complaint interferes with the judicial process. This case cannot proceed until the remaining Defendants are served. The Court finds Plaintiff is culpable and that other sanctions short of dismissal would likely not be effective because despite the Court notifying Plaintiff of her obligation to serve the remaining Defendants and that failure to timely file a second amended complaint may result in dismissal of this case, Plaintiff did not file proof of service or file a second amended complaint. The Court finds that dismissal without prejudice is an appropriate sanction because: (i) dismissal with prejudice is a "severe sanction, a measure of last resort;" (ii) the judicial system has a "strong predisposition to resolve cases on their merits;" and (iii) this case is in an early stage.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.