IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BERNADINE BROWN,

    Plaintiff,

v.                                        No. 1:25-cv-00649-KG-SCY

CENTRAL BAPTIST ASSOCIATION OF NEW MEXICO, *et al.*,

    Defendants.

**<u>ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT</u>**

    Plaintiff, who is proceeding *pro se*, asserted civil rights claims pursuant to 42 U.S.C. § 1983 for deprivation of "procedural due process, equal protection, and religious liberty through unauthorized litigation, misuse of judicial process, and discriminatory enforcement of a deed restriction." Amended Complaint for Declaratory and Injunctive Relief Under 42 U.S.C. § 1983 and Related Statutes at 2, Doc. 6, filed July 11, 2025 ("Amended Complaint").

    United States Magistrate Judge Steven C. Yarbrough notified Plaintiff it appears that the Court does not have jurisdiction over Plaintiff's claims against the Second Judicial District Court and its officers because, generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment, that the Anti–Injunction Act ordinarily precludes injunctions against state-court proceedings and that Plaintiff, who is not an attorney authorized to practice before this Court, cannot bring claims on behalf of TrueVine Baptist Church. *See* Order to Show Cause at 4-6, Doc. 8, filed July 17, 2025. *See* Order to Show Cause at 6. Judge Yarbrough ordered Plaintiff to either show cause why the Court should not dismiss claims or file a second amended complaint. *See* Order to Show Cause at 8. Judge Yarbrough also notified Plaintiff that failure to comply with Court orders and the Federal and Local Rules of Civil Procedure may result in sanctions, including dismissal of this case. *See* Order to Show Cause at 7-8 (reminding Plaintiff of

her obligation to serve Defendants and notifying Plaintiff that failure to timely show cause or file a second amended complaint may result in dismissal of Plaintiff's claims).  Plaintiff did not show cause or file a second amended complaint by the August 7, 2025, deadline.  The Court dismissed Plaintiff's claims against the Second Judicial District Court and Judge O'Connell and TrueVine Baptist Church's claims without prejudice.  *See* Order Dismissing Claims, Doc. 23, filed August 28, 2025.

The Court notified Plaintiff that the Amended Complaint failed to state claims pursuant to 42 U.S.C. §§ 1983 and 1985, the National Historic Preservation Act, 54 U.S.C. §§ 300101 *et seq*. and the Internal Revenue Code, 26 U.S.C. § 501(c)(3) against the remaining Defendants.  *See* Second Order to Show Cause at 4, Doc. 32, filed September 4, 2025.  The Court ordered Plaintiff to show cause why the Court should not dismiss her claims *and* to file a second amended complaint.  *See* Order to Show Cause at 5-6 (notifying Plaintiff that failure to timely show cause *and* file a second amended complaint may result in dismissal of this case).  Plaintiff timely filed a Response to the Order to Show Cause but did not file a second amended complaint by the October 20, 2025, deadline.

The Court dismissed this case without prejudice based on Plaintiff's failure to comply with Judge Yarbrough's Order to either show cause or file a second amended complaint, Plaintiff's failure to show she properly served Defendants pursuant Federal Rule of Civil Procedure 4, and Plaintiff's failure to comply with the undersigned's Order to file a second amended complaint.  *See* Order of Dismissal at 4, Doc. 38, filed November 17, 2025 (stating "Rule 41(b) of the Federal Rules of Civil Procedure states: 'If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.'") (quoting Fed. R. Civ. P. 41(b).  The Court found that Plaintiff's failure to properly serve the remaining Defendants, to file proof of service and to file a second amended complaint interferes with the judicial process and that this case cannot proceed until the remaining Defendants are served.  *See* Order of Dismissal at 5.

Plaintiff then filed her Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) which is now before the Court.  *See* Doc. 40, filed November 21, 2025.  Rule 59(e) relief is available in limited circumstances, including "(1) an intervening change in the controlling law, (2) [when] new evidence previously [was] unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Hayes Family Trust v. State Farm Fire & Casualty Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

Plaintiff asserts the following to support her Motion to amend or alter judgment:

(i)   The Court clearly erred because "the Court's dismissal appears to have assumed that the underlying state case had reached a final judgment.  This assumption was factually incorrect;"

(ii)  The Court clearly erred because "the dismissal appears to rest upon [the] *Rooker-Feldman* doctrine, *Younger* Abstention, or *Colorado River* abstention, and none of these doctrines apply in this case;

(iii) Plaintiff, who is proceeding *pro se*, states she misunderstood the Court's Second Order to Show Cause stating she "did not understand that the Court required a strictly federal jurisdictional response" and "included state-law issues unintentionally;"

(iv)  The Order of Dismissal results in a manifest injustice because Plaintiff's procedural due process and equal protection "claims have never been heard."

Motion at 3-7.

The Court denies Plaintiff's Motion to alter or amend judgment.  The Order of Dismissal is not clearly erroneous.  The Court did not dismiss this case based on the assumption that the state case had reached a final judgment or by applying any abstention doctrine.  The Court dismissed this case based on Plaintiff's failure to serve the remaining Defendants and her failure to comply with the Court's order to file a second amended complaint.  Plaintiff has not explained why her

3

misunderstanding of the appropriateness of including state-law claims caused her to not comply with the Second Order to Show Cause which stated:

> Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; *and (b) file a second amended complaint*. Failure to timely show cause *and file a second amended complaint* may result in dismissal of this case.

Second Order to Show Cause at 6 (emphasis added). The Order of Dismissal does not result in a manifest injustice based on Plaintiff's assertion that her federal civil rights claims have never been heard. Plaintiff had an opportunity to raise those claims in a second amended complaint but failed to do so. The Court dismissed this case without prejudice which allows Plaintiff to raise those claims in a new action.

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e), Doc. 40, filed November 21, 2025, is **DENIED.**

/s/Kenneth J. Gonzales  
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.